### Application of ROSENBERG.

(Court of Appeals of District of Columbia. Submitted January 16, 1923. Decided June 4, 1923.)

#### No. 1557.

**Patents ⬦26(1)—Claims for combined screw and tap held patentable.**

Claims for a screw in which the threads extended approximately to the head and were hardened, so they could cut metal without injury, and were slotted to provide a locking notch, *held* to disclose invention, notwithstanding the previous well-known use of those features separately in screws and taps.

Appeal from the Commissioner of Patents.

In the matter of the application of Heyman Rosenberg for a patent. From a decision of the Patent Office, rejecting the three claims of the application, applicant appeals. Decision reversed as to claims 2 and 3.

Edgar M. Kitchin, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before ROBB and VAN ORSDEL, Associate Justices, and SMITH, Judge of the United States Court of Customs Appeals.

SMITH, Acting Associate Justice. Heyman Rosenberg on the 18th of January, 1917, filed an application for a patent for a screw, the threads of which extend substantially to the head of the screw and are hardened sufficiently to cut into the metal without substantial injury to the threads; a portion of the thread and shank being cut in such a way as to provide a locking notch and so prevent the loosening of the screw after having been screwed home. The claims on which the right to a patent are based are as follows:

1. A screw having a body and a thread substantially the same in contour as a conventional wood screw, the thread being hardened sufficiently for cutting into metal substantially without injury to the thread.

2. A screw comprising a shank and thread substantially of the form of a conventional wood screw, a portion of the thread and shank being cut away to provide a locking notch and the thread being hardened sufficiently for cutting metal.

3. A screw having hardened threads with cut away portions forming hardened cutting edges, the body and thread of the screw substantially conforming in proportions, and contour to those of the conventional wood screw, but the thread extending substantially to the head of the screw.

---

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The Examiner rejected the claims on the ground that they were anticipated by a patent issued to Cornelius on July 1, 1913. Claim 1 was rejected on the further ground that it disclosed nothing more than the obvious way of making the article. On appeal that ruling was affirmed by the Examiners in Chief, and from their decision an appeal was affirmed by the First Assistant Commissioner. From the final decision of the Patent Office, this appeal was taken.

The issue raised by the claims is not whether the applicant invented a screw, or a tap for cutting female screw threads, both of which things were known to the world long before the applicant set himself to work to produce a fastening device which had the combined qualities of a screw and a tap. The question before us is whether an appliance which unites in itself the qualities of a screw and of the tool known as a tap is new to the art.

We think it is. The screw known to the art was primarily a fastening, not a female thread cutting, device, and whatever cutting it did when forced through metal resulted in more or less "stripping" of its threads, with consequent impairment of its efficiency as a fastener. The tap is not and never was a fastener, but a tool for cutting female threads. The screw described in the application is a fastener with case-hardened threads, which enable it to cut female threads for itself without impairing its own threads, and thereby to resist its loosening by jars or unequal expansion. The screw sought to be patented combines in itself the characteristic qualities both of a screw and a tap, a feature unknown to the screws of the prior art.

We are of the opinion that the applicant will be fully protected by granting claims 2 and 3, and as to those claims the decision appealed from is reversed.

Reversed.